UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE CLARENCE SHERMAN, | ) | CASE NO. CV 19-8038-PJW |
| Petitioner, | ) ) | |
| v. | ) ) ) | MEMORANDUM OPINION AND ORDER DENYING PETITION, DISMISSING ACTION WITH PREJUDICE, AND |
| RALPH DIAZ, SECRETARY, CDCR, | ) ) | DENYING CERTIFICATE OF APPEALABILITY |
| Respondent. | ) ) ) | |

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, in which Petitioner once again challenges his 2002 state conviction for second degree robbery and 25-years-to-life sentence. For the reasons set forth below, the Petition is denied and the action is dismissed with prejudice.

I.

PRIOR PROCEEDINGS

In March 2002, Petitioner pled no contest in the Los Angeles County Superior Court to second degree robbery and admitted to two prior "strike" convictions under the California "Three Strikes" law. He was sentenced to 25 years to life. (Lodged Doc. Nos. 2, 3.) In July 2003, August 2007, and April 2008 through January 2009, Petitioner pursued collateral challenges in state court to his

conviction and sentence, all of which were denied. (Lodged Doc. Nos. 5-16.) In September 2009, Petitioner filed a petition for writ of habeas corpus in this court, which was denied as untimely. (*Sherman v. Harrington*, CV 09-6890-VBF (RC), June 23, 2010 Order.)

In January 2014, Petitioner filed a petition for re-sentencing in the Superior Court, pursuant to Proposition 36. In October 2014, the court denied the petition on the ground that Petitioner's conviction for a violent felony rendered him ineligible for re-sentencing under Proposition 36. (Lodged Doc. No. 17 at 27-28.[1]) Petitioner appealed but his appeal was denied and he did not file a petition for review in the state supreme court. (Lodged Doc. No. 19 at 2.)

In June 2018, Petitioner filed a motion to dismiss his prior convictions in the Superior Court (apparently under Proposition 57) which was denied. (Lodged Doc. No. 20 at 22.) In October 2018, he filed a habeas petition in the Superior Court, contending that he was entitled to relief under changes to California Penal Code § 12022.53. The Superior Court denied the petition, finding that Petitioner was not eligible for re-sentencing under the amended statute. (Lodged Doc. No. 20 at 24.) The court also rejected as untimely Petitioner's claim that he received ineffective assistance of counsel. (Lodged Doc. No. 20 at 26-27.) His subsequent petitions in the state appellate court and state supreme court were denied. (Lodged Doc. Nos. 21-24.)

In September 2019, Petitioner, proceeding pro se, filed the instant Petition, pursuant to 28 U.S.C. § 2254, contending that his conviction was invalid because he was not a "major participant" in the

---

[1] All page numbers given are those provided by the Court's electronic docketing system.

2

robbery, his attorney provided ineffective assistance, and his co-defendants offered "self-serving statements." (Petition at 7-11, 18.) Petitioner also alleged that his prior "strike" convictions did not qualify as violent felonies and that he was entitled to be re-sentenced under recent changes to state law. (Petition at 7, 11-17.)

II.

DISCUSSION

Respondent has moved to dismiss the Petition on the ground that it fails to state a federal claim. Petitioner has not opposed the motion. For the following reasons, the motion is granted.[2]

As an initial matter, Respondent construes the Petition to be challenging only "the 2014 denial of re[-]sentencing under California Penal Code section 1170.126 and not . . . [Petitioner's] original 2002 conviction," (Motion to Dismiss at 8 n.3), and, thus, concedes that it would not be barred as a second or successive petition. (Id.) The Court disagrees, in part.

Although Petitioner challenges the denial of his re-sentencing petitions, he also attacks the validity of his original conviction. Those claims--that he was not a major player in the robbery, received ineffective assistance of counsel, and was the victim of self-serving statements--are subject to the bar on unauthorized second or successive petitions. *See Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) (holding challenge to "new and intervening judgment" rather than underlying conviction was not subject to the "second or successive" petition bar imposed by 28 U.S.C. § 2244(b)(2)); *Colbert*

---

[2] Respondent primarily contends that the Petition is untimely. Because the Court finds that the Petition is subject to dismissal on other grounds, it need not and does not reach the issue of timeliness.

3

*v. Clark*, 2019 WL 3416680, at *9 (C.D. Cal. June 25, 2019) (finding one ground in petition challenged same judgment as petitioner's prior federal habeas petition and was, therefore, barred as second or successive), *adopted by* 2019 WL 3412160 (C.D. Cal. July 29, 2019); *Perez v. Asuncion*, 2017 WL 8160292, at *5 (C.D. Cal. Nov. 17, 2017) (holding challenge to conviction or sentence, rather than order denying re-sentencing, implicated second or successive bar imposed by 28 U.S.C. § 2244(b)(2)(b)), *adopted by* 2018 WL 1175008 (C.D. Cal, Mar. 5, 2018). For that reason, those claims are dismissed.

As for Petitioner's re-sentencing claims, they are not cognizable in federal habeas corpus because they are purely state-law claims. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (holding mere errors in the application of state law are not cognizable on habeas corpus); *Williams v. Borg*, 139 F.3d 737, 740 (9th Cir. 1998) (holding federal courts in state habeas cases address only federal constitutional violations, not abuses of discretion under state law); *Hearod v. Davis*, 2019 WL 7562682, at *6 (C.D. Cal. Nov. 13, 2019) (noting "every federal court to have addressed the issue has held that claims for re-sentencing under [California Penal Code § 12022.53(h)] are not cognizable"). Further, even were the Court willing to look past this bar, which it is not, it would be bound by the state court's determination that the robbery was a "violent felony" under state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2006) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

Petitioner attempts to federalize his claims by arguing that his conviction for second degree robbery would not be considered a

4

"violent felony" under the federal Armed Career Criminal Act (and citing cases that have held as much, e.g., *Johnson v. United States*, 559 U.S. 133 (2010)). (Petition at 11-15.) But this argument is unavailing because he was not sentenced under that Act--or any other federal law--as the Superior Court observed in denying his October 2018 habeas petition. (Lodged Doc. No. 20 at 25-26.)

## III.

## CONCLUSION

For these reasons, the Petition is denied and the action is dismissed with prejudice. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, he is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATED: March 30, 2020.

*/s/ Patrick J. Walsh*
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\SHERMAN, W 8038\Memorandum Opinion and Order.wpd